IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MARK TURULSKI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 20-249 (MN) |
| | ) | |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>MEMORANDUM OPINION</u>

Mark Turulski, Pro Se Plaintiff.

David C. Weiss, United States Attorney, and Jesse S. Wenger, Assistant United States Attorney, Wilmington, Delaware.   Counsel for Defendant.

September 10, 2021
Wilmington, Delaware

NOREIKA, U.S. DISTRICT JUDGE:

Plaintiff Mark Turulski ("Plaintiff" or "Turulski"), who proceeds *pro se* commenced this action on February 21, 2020 pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680.   (D.I. 1).   The Amended Complaint is the operative pleading.   (D.I. 3). Presently before this Court is Defendant's motion for summary judgment and Plaintiff's motions for jury trial, order for release of videos, to add new evidence, and request for discovery.   (D.I. 14, 15, 23, 27).   Briefing is complete.

## I.    BACKGROUND

The Amended Complaint alleges that on September 8, 2016, Plaintiff was sexually assaulted and physically injured while in the custody of police officers who worked for the Department of Veterans Affairs.   (D.I. 3).   Neither the Complaint nor the Amended Complaint are verified.[1]   The discovery deadline expired on October 30, 2020.   (D.I. 11).

## II.    FACTS PRESENTED BY THE PARTIES

Plaintiff is a veteran of the United States Armed Services.   On September 8, 2016, Plaintiff presented to the Veterans Affairs Medical Center in Wilmington ("VAMC") for a medical appointment.   (D.I. 16, Ex. A at 19).   Officer Brian Weaver ("Weaver"), a VA police officer, was on foot patrol in the VAMC parking lot that day.   (D.I. 17 ¶ 17)   Weaver saw a pack of opened cigarettes on a truck owned by Plaintiff and suspected that at least two of them were

---

[1]    Courts "consider as affidavits [a plaintiff's] sworn verified complaints, to the extent that they are based upon personal knowledge and set out facts that would be admissible in evidence." *Porter v. Pennsylvania Dep't of Corr.*, 974 F.3d 431, 443 (3d Cir. 2020) (quoting *Revock v. Cowpet Bay W. Condo. Ass'n*, 853 F.3d 96, 100 n.1 (3d Cir. 2017) (citing Fed. R. Civ. P. 56(c)(4) & *Reese v. Sparks*, 760 F.2d 64, 67 (3d Cir. 1985)).   The allegations in the Complaint and Amended Complaint are not considered as facts in Plaintiff's opposition to the motion for summary judgment since neither the Complaint or Amended Complaint are verified.

marijuana cigarettes.   (*Id*. ¶¶ 3-5).   He called Sgt. Pedro Custodio ("Custodio") and asked that he meet him at the truck.   (*Id.* ¶ 4).   After Custodio arrived, Weaver saw a second pack of cigarettes on the passenger seat inside Plaintiff's truck.   (*Id*. ¶ 5).   Plaintiff returned to his truck following his medical appointment, got in it, and picked up his cigarettes.   (*Id*. ¶ 6).   At that point Weaver asked Plaintiff to exit the truck with the cigarettes.   (*Id*. ¶ 7).   Plaintiff complied, but denied the cigarettes were his.   (*Id*.).

Next, Custodio handcuffed Plaintiff and double-locked the cuffs, placed Plaintiff in a police car, and transported him to the VA Police Operations Office for processing.   (D.I. 18 ¶¶ 9, 11).   According to Custodio, he made sure the cuffs were not too tight and Plaintiff did not resist or ever state that the handcuffs were too tight or that he had pain from the handcuffs.   (D.I. 17 ¶ 9; D.I. 18 ¶ 9).   Also, according to Custodio, when he placed Plaintiff in the police car, he buckled Plaintiff into his seat belt and drove him to the VA Police Office for processing.   (D.I. 17 ¶ 10; D.I. 18 ¶ 11).   Custodio states that he drove within the posted speed limits and Plaintiff did not complain about the speed he was driving or that he was in pain during the transport to the police office.   (D.I. 18 ¶ 11).

At the Police Operations Office, Plaintiff, Custodio, and Weaver went to a room where they all stayed during most of the processing.   (D.I. 17 ¶ 11; D.I. 18 ¶ 13).   In the room, Plaintiff sat on one end of the table and Custodio and Weaver sat on the opposite end.   (D.I. 17 ¶ 11; D.I. 18 ¶ 13).   Custodio was alone with Plaintiff for approximately two minutes when Weaver left the room to retrieve some paperwork from a printer just outside the room.   (D.I. 17 ¶ 12; D.I. 18 ¶ 14).   According to Custodio, when he was alone with Plaintiff he did not touch Plaintiff in any way and neither of them got out of their seats.   (D.I. 18 ¶ 15).   According to Weaver, during that time he did not hear any noise, see a physical altercation, or see Custodio or Plaintiff

move from their seats and, when he returned, both were in the same seats as they were when Weaver had left the room.   (D.I. 17 ¶¶ 12, 13).   According to Weaver, Plaintiff made no mention that a sexual assault occurred when he was alone with Custodio during the two-minute timeframe. (*Id*. ¶ 13).   While at the Police Operations Office, Plaintiff was drug tested with positive results. (D.I. 18 ¶ 12).   He was cited for unauthorized introduction of marijuana on VA Controlled Property.   (D.I. 16-2 Ex. A).   After the positive drug tests, Custodio and Weaver issued the citation to Plaintiff and he was permitted to leave.   (D.I. 17 ¶ 15).

On September 26, 2016, Plaintiff presented for a medical appointment to receive a flu vaccine.   (D.I. 3-1 at 1).   Plaintiff complained to the nurse that his right wrist was hurting and explained that a few weeks prior he had been in an altercation at the VA hospital and VA police had placed handcuffs on him and said that "they pulled up on his arms causing the cuffs to be pulled tight on the wrists."   (*Id*.).   Plaintiff was instructed to ice the area and take ibuprofen to help alleviate the discomfort.   (*Id*.).

In June 2017, Custodio attended Plaintiff's marijuana possession hearing.   (D.I. 18 ¶ 18). During the hearing, Assistant United States Attorney Van Pelt ("Van Pelt") told Custodio that Plaintiff wanted an apology for the way he was treated.   (*Id*.).   Custodio refused to apologize stating that he did not act roughly or injure Plaintiff.   (*Id*.).   Custodio believes that Plaintiff's rape allegation may be due to his refusal to apologize to Plaintiff.   (*Id*.).   Custodio learned on July 28, 2017, that Plaintiff was taking court action against him and alleging that during the September 8, 2016 arrest, Custodio had engaged in inappropriate behavior towards him, including sexual touching.   (*Id.* ¶ 19).   On July 30, 2017, Custodio submitted a report of contact wherein he denied all of Plaintiff's allegations.   (*Id.* ¶ 20).

On January 6, 2020, Plaintiff was seen by a nurse.   (D.I. 3-1 at 3).   He made no mention of wrist pain or a sexual assault.   (*Id*.).   On February 24, 2020, Plaintiff presented to behavioral health and provided a history of being handcuffed and raped in September 2016.   (*Id*. at 2).

In opposition to the motion for summary judgment, Plaintiff submitted a signed, written statement of a now deceased individual.   (D.I. 23).   Plaintiff witnessed the statement and his signature as a witness is notarized and dated February 21, 2020, but the deceased individual's signature is not notarized.   (*Id*.).   In the statement, the individual states that Pedro Costello at the Wilmington VA touched her inappropriately during a body search.   (*Id*.).   The statement does not provide a date when this took place.   (*Id*.).

### III.   LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).   When determining whether a genuine issue of material fact exists, this Court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor.   *Scott v. Harris*, 550 U.S. 372, 380 (2007); *Wishkin v. Potter*, 476 F.3d 180, 184 (3d Cir. 2007).   A dispute is "genuine" only if the evidence is such that a reasonable jury could return a verdict for the non-moving party, and a factual dispute is material when it "might affect the outcome of the suit under the governing law."   *Anderson v. Liberty Lobby*, 477 U.S. 242, 247-49 (1986).

The nonmoving party bears the burden to establish the existence of each element of his case.   *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).   In doing so, the non-moving party must present specific evidence from which a reasonable fact finder could conclude in his favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Jones v. United Parcel Serv*., 214 F.3d

402, 407 (3d Cir. 2000).    Summary judgment should be granted if no reasonable trier of fact could find for the non-moving party.    *Radich v. Goode*, 886 F.2d 1391, 1395 (3d Cir. 1989).

To defeat a motion for summary judgment, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts."    *Matsushita Elec. Indus. Co., Ltd. V. Zenith Radio Corp*., 475 U.S. 574, 586 (1986); *see also Podobnik v. U.S. Postal Serv.*, 409 F.3d 584, 594 (3d Cir. 2005) (stating party opposing summary judgment "must present more than just bare assertions, conclusory allegations or suspicions to show the existence of a genuine issue") (internal quotation marks omitted).    The "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment;" a factual dispute is genuine only where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."    *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 247-48.    "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."    *Id*. at 249-50 (internal citations omitted); *see also Celotex Corp. v. Catrett*, 477 U.S. at 322 (stating entry of summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial").    Thus, the "mere existence of a scintilla of evidence" in support of the nonmoving party's position is insufficient to defeat a motion for summary judgment; there must be "evidence on which the jury could reasonably find" for the nonmoving party.    *Anderson v. Liberty Lobby*, 477 U.S. at 252.

## IV.    <u>DISCUSSION</u>

Defendant moves for summary judgment on the grounds that the record does not rise to a genuine dispute of material fact relevant to the claims raised in the Amended Complaint.    Plaintiff opposes and argues that his allegations along with the statement of the deceased individual suffice

to defeat Defendant's motion.    Plaintiff also makes reference to statements made by individuals, none of which are contained in the record.

Under the FTCA, the United States is liable for any tort claims "in the same manner and to the same extent as a private individual under like circumstances."    28 U.S.C. § 2674.    As a result, under the FTCA, the United States may be held liable for money damages for the torts committed by its employees while acting within the scope of their office or employment. *See* 28 U.S.C. § 1346(b)(1).    When determining the elements necessary to establish liability for a tortious act in cases brought under the FTCA, this Court must look to "the law of the place where the act or omission occurred."    28 U.S.C. § 1346(b)(1).    Here, Plaintiff alleges that a VA police officer injured him in Wilmington, Delaware and, therefore, Delaware law must be used to determine liability and evaluate damages.

In Delaware, "to prove negligence one must establish that defendant breached a duty owed to plaintiff and that defendant's act or omission proximately caused plaintiff's injury."    *Spencer v. Goodill*, 17 A.3d 552, 554 (Del. 2011) (citing *Culver v. Bennett*, 588 A.2d 1094, 1097 (Del. 1991)).    To bring an assault claim, a plaintiff "must prove that a specific defendant intentionally caused Plaintiff to be in fear of an immediate harmful or offensive contact, without Plaintiff's consent."    *Smith v. Delaware State Police*, No. 12C-01-016 (RBY), 2014 WL 3360173, at * 7 (Del. Super. Ct. July 8, 2014).    In Delaware, a police officer may take a person into custody, and use reasonable force to do so when completing an arrest.    *See* 11 Del. C. § 467. "The tort of battery is 'the intentional, unpermitted contact upon the person of another which is harmful of offensive.'"    *Grubbs v. University of Del. Police Dep't.*, 174 F. Supp. 3d 839, 860 (D. Del. 2016) (quoting *Hunt ex rel. DeSombre v. State*, 69 A.3d 360, 368 (Del. 2013)).    As to the sexual assault claim, Delaware law contains various crimes of rape as set forth in 11 Del. C.

§§ 770-773.   Under Delaware law, rape involves a person engaging in sexual contact with another without the victim's consent.   *See* 11 Del. C. §§ 770-773.

In this case, no reasonable jury could find for Plaintiff based upon the record evidence before the Court.   Plaintiff's medical records dated September 26, 2016, refer to handcuffing by VA police in general, but do not identify a particular police officer; Plaintiff's medical records dated January 6, 2020 made no mention of any VA police officer or associated injury; Plaintiff's February 24, 2020 medical records refer to being handcuffed and raped but do not identify the perpetrator of the acts.   In addition, the deceased individual's statement refers to improper acts committed against her by Wilmington VA officer Costello, not Custodio, contains no personal knowledge of the events of September 8, 2016, and raises no genuine issues of fact.   Finally, the opposition contains no legal argument and does not contest the evidence proffered by Defendant; that is that Plaintiff was properly handcuffed, Plaintiff never complained of pain, Plaintiff was not injured, and Plaintiff was not sexually assaulted.   There simply is no record evidence that supports Plaintiff's claims.   Taking the record as a whole, no rational trier of fact could find for Plaintiff, the nonmoving party, and, therefore, there is no genuine issue for trial.   Therefore, the Court will grant Defendant's motion for summary judgment.   (D.I. 15).   Plaintiff's pending motions will be denied as moot. (D.I. 14, 23, 27).

## V.   <u>CONCLUSION</u>

For the above reasons, this Court will:   (1) deny as moot Plaintiff's motions for a jury trial, discovery, and to add new evidence (D.I. 14, 23, 27); and (2) grant Defendant's motion for summary judgment (D.I. 15).

An appropriate order will be entered.